Citation Nr: 1755127 
Decision Date: 11/08/17 Archive Date: 12/07/17

DOCKET NO. 11-24 382 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. Shouman, Associate Counsel


INTRODUCTION

The Veteran honorably served on active duty in the United States Air Force from June 1957 to August 1963 and from March 1964 to January 1978. He died in October 2005. The appellant is the Veteran's surviving spouse.

This matter is before the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision of a U.S. Department of Veterans Affairs (VA) Regional Office (RO), which denied service connection for cause of death.

The Board considered the claim in May 2014, on which occasion it was remanded for additional development. 

The appellant testified before the undersigned Veterans Law Judge at a May 2012 hearing at the RO. A hearing transcript has been associated with the claims file and reviewed.

The appeal is REMANDED to the agency of original jurisdiction. VA will notify the appellant if further action is required.


REMAND

The Board finds that additional development is necessary before it can adjudicate the issue on appeal.

The Veteran was not service connected for any disability at the time of his death. The August 2005 death certificate lists the cause of death as metastatic cholangiocarcinoma. 11/10/2008, VBMS entry, Death Certificate, at 1.

The Veteran's service treatment records reflect that he had pain in the stomach, had a history of treatment for stomach ulcers, and suffered from diarrhea and vomiting. 02/10/2010, VBMS entry, STR - Medical - Photocopy, at 18, 20 (abdominal pain); 05/04/2010, STR - Medical (File A), at 32 (diarrhea and vomiting), 34 (vomiting), 36 (sought medication for ulcer), 44 (history of ulcer). Risk factors for cholangiocarcinoma (bile duct cancer) include ulcerative colitis, and abdominal pain is a symptom of cholangiocarcinoma. Bile Duct Cancer, MEDLINEPLUS, https://medlineplus.gov/bileductcancer.html (last updated May 11, 2017) [https://perma.cc/Z2Y3-NP5J]. While the evidence is insufficient to grant service connection, competent evidence of the Veteran's cholangiocarcinoma, coupled with his in-service complaints of ulcer, abdominal pain, diarrhea, and vomiting, does indicate a possible relationship such that VA should provide an opinion in this case. McLendon v. Nicholson, 20 Vet. App. 79, 81-83 (2006).

The Board also notes that the record does not reflect any VA treatment records for the Veteran. Attempts to obtain those treatment records are not of record. Because those medical records could pertain to his cancer treatment prior to his death, they would be relevant to the appellant's claim. Therefore, efforts should be made to locate them.

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the claims file any pertinent VA treatment records for the Veteran, and record all attempts to obtain such records. Additionally, notify the appellant that she may submit any relevant VA and private treatment records in her possession to VA.

2. After all development has been completed and returned from step 1 above, request a VA clinician with appropriate expertise to review the claims file. The clinician is asked to review the claims file to become familiar with the pertinent medical history. After reviewing the claims file, the examiner is to address the following:

a. Is any cholangiocarcinoma shown or treated at any time at least as likely as not (50 percent or greater probability) related to the Veteran's active service, to include abdominal pain, ulcers, diarrhea, and vomiting? If not, does the record at least as likely as not (50 percent or greater probability) show that any cholangiocarcinoma manifested within one year of the Veteran's separation from service in August 1963 and again in January 1978?

Consider all lay and medical evidence, to include service treatment records showing the Veteran had abdominal pain, had a history of treatment for stomach ulcers, and complained of diarrhea and vomiting.

Provide a clear and comprehensive rationale for any conclusions. If the requested opinion cannot be provided without resort to speculation, court cases require the examiner to explain why the opinion cannot be offered, and to state whether the inability is due to the absence of evidence or to the limits of scientific or medical knowledge.

3. After all development has been completed and returned from all steps above, if any benefit sought remains denied, then issue a supplemental statement of the case with consideration to all pertinent evidence, and return the case to the Board, if otherwise in order.

The appellant has the right to submit additional evidence and arguments on matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369, 372-73 (1999) (per curiam).

Remanded claims must be afforded expeditious treatment. The law requires that all claims remanded by the Board or by the U.S. Court of Appeals for Veterans Claims (CAVC) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.S. §§ 5109B, 7112 (LexisNexis 2016).



_________________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.S. § 7252, only a Board decision is appealable to the CAVC. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits. 38 C.F.R. § 20.1100(b) (2017).